**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EMMA J. SMITH** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV936 LG-JMR** |
| | § | |
| **PRIMERICA LIFE INS. COMPANY** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

THE MATTER BEFORE THE COURT is the Plaintiff's Motion to Remand [3].  The

Defendant has responded and Plaintiff has replied.  After reviewing the pleadings filed in this

matter and the relevant law, it is the Court's opinion that the Motion to Remand should be

denied.

DISCUSSION

Plaintiff, Emma J. Smith, purchased life insurance in the total amount of $800,000.00 on

the life of her husband, Ernest Smith.  Emma Smith is a citizen of Mississippi, and is the owner

and primary beneficiary of the policy.  Ernest Smith was killed in April 2006 during an apparent

robbery attempt in New Orleans, Louisiana.  Defendant Primerica Life Insurance Company

("Primerica") has not yet paid any of the proceeds of the life insurance policy, apparently because

it is waiting for the results of a homicide investigation being conducted by the New Orleans

Police Department.[1]  Plaintiff claims entitlement to insurance proceeds in the amount of

$1,600,000.00.

Plaintiff filed suit against Primerica on October 31, 2006 in the Chancery Court of Pearl

River County, Mississippi to obtain the insurance proceeds due under the policy, alleging claims

---

[1] According to the New Orleans Police Department, Plaintiff is not a suspect in her
husband's death.

of equitable accounting, marshaling of proceeds, equitable sequestration and imposition of

equitable lien.  Primerica was served with process on June 11, 2007.  Shortly thereafter, on July

2, 2007, the Chancellor conducted a hearing on Plaintiff's Motion to Sequester Insurance

Proceeds.  Primerica had not yet filed an answer to the complaint, but was noticed and appeared

at the hearing.  Primerica objected to the hearing citing lack of jurisdiction and standing.

Primerica also argued that the motion hearing was premature.  Notwithstanding Primerica's

objections, the Chancellor entered a "Judgment Directing Sequestration of Insurance Proceeds"

requiring Primerica to deposit "all proceeds due and payable under the Contract of Insurance . . .

together with all interest that accrued from the day of the Decedent's death on April 12, 2007

(sic), until the date of the tender of said amounts."  *See* Exhibit "15.3" to Plaintiff's Motion to

Remand.  Primerica was ordered to comply on or before July 17, 2007.  *Id.*  Rather than deposit

the insurance proceeds as required by the Chancery Court' order, Primerica, a Massachusetts

corporation, filed its notice of removal on July 11, 2007 based on diversity jurisdiction. 28

U.S.C. § 1441(a).  In addition, Primerica filed an Interpleader action in the U.S. District Court for

the Eastern District of Louisiana.[2]

The Court finds that there is no question diversity jurisdiction exists in this case.  The

parties are citizens of two different states and the amount in controversy is more than $75,000.00,

as required by 28 U.S.C. § 1332.  Removal is an absolute right so long as the statutory

prerequisites are met.  *Thermtron Products Inc. v. Hermansdorfer,* 423 U.S. 336 (1975).

Furthermore, there is no merit to Plaintiff's argument that the Court can no longer assert

---

[2]*See Primerica Life Insurance Co. V. Smith, et al.;* cause number 2007-3550, USDC
EDLA.

jurisdiction because Primerica has been ordered to deposit insurance proceeds with the Chancery Court.  "[T]he stage of the proceedings has no bearing on whether the case is properly removable" *Shilling v. Northwestern Mut. Life Ins. Co.,* 423 F.Supp.2d 513, 518 (D.Md. 2006). Primerica has made a timely request for the enforcement of its right to a federal forum in this diversity action.  The Motion to Remand should therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [3] is **DENIED**.  All further request for relief is also **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the Magistrate Judge of this Order.  The Magistrate Judge shall determine whether the stays entered on August 16th and 17th, 2007, should be lifted or remain in effect.

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE